# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL T. TORRES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:19-cv-00067-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>(ECF No. 11) |

Michael T. Torres ("Plaintiff") filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits pursuant to the Social Security Act. On January 16, 2019, the scheduling order and summons issued. (ECF Nos. 4, 5.) On February 4, 2019, the proof of service was returned showing that Defendant was served on January 23, 2019. (ECF No. 9.) The administrative record was filed on May 22, 2019. (ECF No. 10.) On June 4, 2019, Plaintiff filed a request for production. (ECF No. 11.) The Court finds it unnecessary to require Defendant to oppose the request for production, as it is apparent on the face of the motion, that Plaintiff is not entitled to pursue the discovery requested in this action.

In his motion, Plaintiff seeks all documents in his claims file. For the following reasons, the Court denies Plaintiff's request for discovery.

Pursuant to 42 U.S.C. § 405(g), this Court has the jurisdiction to review the

administrative law judge's ("ALJ") decision finding Plaintiff was not disabled under the Social Security Act. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides. . . . As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . .

42 U.S.C. § 405(g). Section 405 further provides that "[t]he court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ."

While Section 405 does not explicitly prohibit discovery in social security cases, the Court's review is generally limited to the administrative record. See Brown v. Sullivan, 916 F.2d 492, 494 (9th Cir. 1990) ("discovery is not ordinarily available in social security matters"); Higbee v. Sullivan, 975 F.2d 558, 562 (9th Cir. 1992) ("An adequate hearing record is indispensable because a reviewing court may consider only the Secretary's final decision, the evidence in the administrative transcript on which the decision was based, and the pleadings."); Harman v. Apfel, 211 F.3d 1172, 1177 (9th Cir. 2000) (In Social Security action, district court "must make its decision on the basis of the administrative record alone." "As in other administrative law contexts, judicial review in cases under the Social Security Act is limited to a review of the administrative record for a determination of whether the Commissioner's decision is supported by substantial evidence in the record."); Papendick v. Sullivan, 969 F.2d 298, 302 (7th Cir. 1992), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561 (7th Cir. 1999) Affirming denial of request for discovery where the court "is limited to a review of the pleadings

and the transcript of the administrative record. See 42 U.S.C. § 405(g). It is clear from the statute that a district court may not consider evidence outside the certified record" but it was clear that this is what the discovery requests were seeking.); Haseltine v. Astrue, 668 F.Supp.2d 1232, 1234 (N.D. Cal. 2009) (extra-record discovery is not appropriate where the court's jurisdiction is to review only the administrative record).

Here, Plaintiff seeks "all documents contained in the Plaintiff's Claims File." (ECF No. 11 at 2.) However, this Court is tasked with determining whether there is substantial evidence in the administrative record to support the ALJ's decision. The administrative record has been provided and Plaintiff has not demonstrated that discovery should be granted in this action.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for production of documents, filed June 4, 2019, is DENIED.

IT IS SO ORDERED.

Dated: __**June 5, 2019**__

UNITED STATES MAGISTRATE JUDGE

3